UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

B2B4E INVESTMENT HOLDINGS,
INC.,

      Plaintiff,

v.

                                            Case No: 6:23-cv-121-ACC-EJK

ADAPTIV RESEARCH &
DEVELOPMENT, LLC,

      Defendant.

## ORDER

This cause comes before the Court on Plaintiff's Motion for Default Judgment, construed as a Motion for Clerk's Entry of Default (the "Motion"), filed April 25, 2023. (Docs. 28, 30.) Upon consideration, the Motion is due to be denied.

### I.    BACKGROUND

On January 24, 2023, Plaintiff filed a Complaint against Defendant Adaptiv Research & Development, LLC, seeking monetary damages and attorney fees for breach of the parties' Commission Agreement. (Doc. 1.) Plaintiff effectuated service at Defendant's registered agent's address, 5810 Shelby Oak Drive, Suite B., Memphis, Tennessee 38134, on February 23, 2023. (Docs. 22, 25.) Service was made on Stephanie Tremmel, who Plaintiff alleges is designated by law to accept service of process on behalf of Defendant. (*Id.*) Defendant did not timely respond to the Complaint and the time to do so has expired. Fed. R. Civ. P. 12(a)(1)(A).

On March 9, 2023, Plaintiff filed a Motion for Default Judgment against Defendant, which was denied without prejudice. (Docs. 23, 24.) Subsequently, Plaintiff filed a Motion to Obtain a Default Judgment from the Clerk of the Court against Defendant, which was also denied without prejudice. (Docs. 26, 27.) On April 25, 2023, Plaintiff filed a Motion for Entry of a Default Judgment, which the Court construed as a Motion for Clerk's Entry of Default under Rule 55(a). (Docs. 28, 30.)

## II.   DISCUSSION

Before the Clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 223 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished). For corporate defendants, the Federal Rules of Civil Procedure provide that service can be made by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where the service is made[.]" Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A). Florida's procedures on service of process will apply here, pursuant to 28 U.S.C. § 1391(b), because the Commission Agreement has a choice of law and venue provision whereby the parties agreed this

Court would be the proper venue for any proceeding arising out of the Commission Agreement. (Doc. 1 at 2.) Thus, Florida's procedures on service of process will apply here.

The Florida Statutes permit process to be served on a limited liability company by serving either the registered agent under Chapter 605 or the registered agent's employee. Fla. Stat. § 48.062(1). If service cannot be made on a registered agent of the limited liability company because its registered agent cannot, with reasonable diligence, be served, process against the limited liability company may be served:

> (a) On a member of a member-managed limited liability company;
> (b) On a manager of a manager-managed limited liability company; or
> (c) If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service. After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours.

Fla. Stat § 48.062(2).

It is unclear from the information currently before the Court whether service was proper on Defendant due to the lack of information on Stephanie Tremmel's role and responsibilities with Defendant. According to the Tennessee Division of Business Services, Defendant's registered agent is "Registered Agent Inc."[1]; however, Plaintiff

---

[1] *Business Entity Details of Tennessee Secretary of State*, Division of Business Services, https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=00606602611520401101723823115313005711424600 3244.

listed Stephanie Tremmel as "authorized to accept" on the Verified Return of Service. (Docs. 25, 28.) Plaintiff provides no additional evidence to show that Defendant has authorized Stephanie Tremmel to accept service on its behalf. (*Id.*) Thus, the Court will deny the Motion without prejudice, and Plaintiff may renew its motion against Defendant with supporting documentation to establish that service was effected upon the registered agent or the registered agent's designated employee.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 28.) is **DENIED without prejudice.** Plaintiff may file a renewed motion that addresses the deficiencies in this Order, or, alternatively, may re-serve Defendant **within 30 days** of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on June 5, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE